**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | 1:15CR11-1 |
| | ) | |
| RODRIGUEZ OSHAY LOWE | ) | |

**MEMORANDUM ORDER**

This matter is before the Court on Defendant Rodriguez Oshay Lowe's "Motion to Expedite Hearing Due to Change in Law" ("Lowe's Mot.") [Doc. #42], which the Government opposes, (Gov't's Resp. to Def.'s Mot. to Reduce Sentencing Re: Compassionate Release Pursuant to 18 U.S.C. § 3582 ("Gov't Resp.") [Doc. #43]). For the reasons explained below, Lowe's Motion is denied.

I.

Lowe is currently serving a seventy-six month term of imprisonment as a result of a 2015 conviction for felon in possession of a firearm. (See J. (Aug. 21, 2015) [Doc. #18].) In the instant motion, Lowe argues that the First Step Act provides him three bases for relief: first, "compassionate release/reduction in sentence"; second, "the Act requires [Bureau of Prisons ("BOP")] to put me in home confinement for the last 6 months"; and third, "the Act requires the grant of 49 extra good time days which make January 2020 my release date." (Lowe's Mot. at 1.) Lowe has not submitted any medical records or other documentation in support of this motion. (See generally Docket.)

Lowe additionally argues that a mistake was made in the enhancements applied in his Presentence Report and makes two arguments related to his pending motion under 28 U.S.C. § 2255. (Id. at 1-2.)  Because Lowe's motion under § 2255 remains pending, (see Docket), this Court defers judgment on Lowe's final three arguments, and considers only those arguments brought under the First Step Act.

II.

Lowe's first request for relief comes from the First Step Act's compassionate release provisions. In 2018, Congress passed the First Sept Act, Pub. L. 115-391, 132 Stat. 5194, which, among other things, amended 18 U.S.C. § 3583(c)(1)(A) to permit a defendant, in addition to the Director of the Bureau Prisons, to move for a sentence reduction, provided that he has exhausted his administrative remedies or thirty days have passed without action since his request to the warden for a sentence reduction.  If there are "extraordinary and compelling reasons"[1] warranting a reduction and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission", a court may reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable". 18 U.S.C. § 3582(c)(1)(A)(i).

---

[1] The statute also provides relief to defendants "at least 70 years of age" who meet certain criteria, see 18 U.S.C. § 3582(c)(1)(A)(ii); however, this provision is inapplicable here as Lowe is not at least 70 years of age, (see Gov't Resp. at 7 (citing Doc. #16 at 2)) .

A.

Before considering the merits of Lowe's Motion, it must be determined if Lowe "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf" or if there were a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." See 18 U.S.C. § 3582(c)(1)(A).  Lowe has offered no argument, much less supporting evidence, regarding what actions he took, if any, at the Bureau of Prisons. (See Lowe's Mot.)  Therefore, because Lowe has not shown that he has exhausted his administrative remedies or that he made a request to the warden for a sentence reduction, his motion for compassionate release must be denied.

III.

Lowe makes two additional arguments for relief under the First Step Act— that "the Act requires BOP to put me in home confinement for the last 6 months," and that "the Act requires the grant of 49 extra good time days which make January 2020 my release date". (Lowe's Mot. at 1.)  For the reasons explained below, neither of these arguments has merit.

A.

Lowe's argument regarding home confinement presumably rests on Section 602 of the First Step Act, which amended 18 U.S.C. § 3624(c)(2) to read:

> (2) Home confinement authority.--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place

3

> prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c) (emphasis added); see also United States v. Yates, No. 15-40063-01-DDC, 2019 WL 1779773, at *4 (D. Kan. Apr. 23, 2019) (discussing the changes made by the First Step Act). The language of the statute does not mandate that all those in BOP custody be placed on home confinement for the final six months of their imprisonment; instead, it merely allows the BOP to exercise such an option for prisoners "with lower risk levels and lower needs." 18 U.S.C. § 3624(c); see also, Yates, 2019 WL 1779773, at *4 & United States v. Burkhart, No. 6:03-036-DCR, 2019 WL 615354, at *2 (E.D. Ky. Feb. 13, 2019) ( noting the First Step Act "does not guarantee residential re-entry center placement or home confinement, it only directs the Director of the Bureau of Prisons to consider it.") Therefore, under the First Step Act, Lowe does not have a right to be placed on home confinement or in a residential re-entry center; instead, the BOP has the discretion to determine if those options are appropriate for Lowe.

However, not only is Lowe's motion not ripe, because he is not yet close to the final six months of his term of imprisonment, see Inmate Locator, Federal Bureau of Prisons (last accessed August 9, 2019), https://www.bop.gov/inmateloc/ (listing Lowe's anticipated release date as August 23, 2020), but the Court does not even have the authority to order the BOP to place Lowe on home detention, but instead could only compel the BOP to consider if Lowe should be placed on home detention. See United States v. Buckley, No. 2:13-CR-00125-TLN,

4

2019 WL 3035554, at *2-*3 (E.D. Cal. July 11, 2019) (holding the district court

did not have authority under 18 U.S.C. § 3624(c)(2) to order the defendant be

placed into home confinement or a residential re-entry center for the last six

months of his sentence, but instead could only compel the BOP to consider if such

an assignment was appropriate); Cf. Deffenbaugh v. Sullivan, No. 5:19-HC-2049-

FL, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019) (finding the district court

did not have authority to release a prisoner onto home confinement pursuant to 34

U.S.C. § 60541, which allows the release of eligible elderly offenders and eligible

terminal ill offenders to home confinement at the discretion of the Attorney

General).

Furthermore, the Government correctly notes that if Lowe's "claims were

ripe for judicial review, such review would properly take place only within the

context of a habeas corpus petition under 28 U.S.C. § 2241, filed in the federal

district court for the district in which he is incarcerated." (Gov't Resp. at 12 n.2

(citing United States v. Poole, 531 F.3d 263, 270-71 (4th Cir. 2008).) See also

Deffenbaugh, 2019 WL 1779573, at *1-*2 (considering petitioner's arguments for

home confinement brought through a petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2241.)

B.

Lowe's last purported claim to relief is his argument that the First Step Act

"requires the grant of 49 extra good time days which make January 2020 my

release date." (Lowe's Mot. at 1.)  Lowe's argument regarding home confinement

5

presumably rests on Section 102(b) of the First Step Act, which amended 18

U.S.C. § 3624(b), and which now provides that a prisoner can receive up to fifty-

four days of good conduct time for each year of incarceration.

18 U.S.C. § 3624(b).  The implementation of this section was delayed until the

completion of the Risks and Needs Assessment, Pub. L. No. 115-391, 132 Stat

5194, 5213, which was completed July 19, 2019, The First Step Act of 2018:

Risks & Needs Assessment System, U.S. Dep't of Justice (last accessed Aug. 12,

2019), https://www.nij.gov/documents/the-first-step-act-of-2018-risk-and-needs-

assessment-system.pdf.  In the Risks and Needs Assessment System, Hugh J.

Hurwitz, Acting Director of the BOP, writes that the BOP has completed calculating

new release dates to reflect the good conduct changes. Id. at 7.

Lowe submitted his motion on February 21, 2019, well before these

changes were implemented.  With the implementation of the good conduct credit

changes now in place, the Court assumes that Lowe's good time credit has been

updated. This conclusion is supported by the fact that his release date was

previously anticipated as September 2020, (Gov't Resp. at 11 (filed May 24,

2019)), but is now listed as the earlier date of August 23, 2020 in the BOP's

online inmate locator, Inmate Locator, Federal Bureau of Prisons (last accessed

August 9, 2019), https://www.bop.gov/inmateloc/. If Lowe wishes to challenge

the calculation of his good time credit, the appropriate motion would be one for

habeas relief under 28 U.S.C. § 2241. See supra n. 3; see also McKinnon v.

Bureau of Prisons, No. 2:19-CV-716-TMC-MGB, 2019 WL 2108663, at *2 (D.S.C.

Apr. 23, 2019) (noting in considering a claim under the First Step Act that "[a] federal prisoner's challenge to the BOP's incorrect calculation of his good conduct time credits is a claim for habeas corpus under 28 U.S.C. § 2241.") (citing Yi v. Fed. Bureau of Prisons, 412 F.3d 526, 528 (4th Cir. 2005)).

IV.

For the reasons explained in this Memorandum, IT IS HEREBY ORDERED that Rodriguez Oshay Lowe's "Motion to Expedite Hearing due to Change in Law" [Doc. #42] is DENIED.

This the 16th day of August, 2019.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge